IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN SOTO, | ) CV F 08 - 0401 AWI |
| | ) (CR F 06 - 0315 -06 AWI) |
| Petitioner, | ) |
| | ) MEMORANDUM OPINION AND |
| v. | ) ORDER ON PETITIONER'S |
| | ) MOTION TO CORRECT, |
| UNITED STATES OF AMERICA, | ) VACATE OR SET ASIDE |
| | ) SENTENCE PURSUANT TO 28 |
| Respondent. | ) U.S.C. § 2255 AND CERTIFYING |
| _____ | ) ISSUES FOR APPEAL |
| | |
| | (28 U.S.C. § 2255) |

## INTRODUCTION

In this case, petitioner Efrain Soto ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 210 months that was imposed by this court on December 10, 2007, following petitioner's entry of a plea of guilty to one count of possession of methamphetamine with intent to distribute and conspiracy in violation 21 U.S.C. § 841(a)(1) and 846.  For the reasons that follow, Petitioner's motion will be dismissed in its entirety and issues raised in Petitioner's motion will be certified for appeal.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was one of six defendants arrested on or about September 14, 2006, in connection with a large methamphetamine manufacturing and sales operation in Kern County. On July 5, 2006, and on July 27, 2006 police officers observed Petitioner transporting and

delivering packages that together contained 222 grams of material containing approximately 127 grams of methamphetamine.  On September 14, 2006, officers executed a search on Petitioner's residence.  From the bedroom of the residence, officers recovered about 960 grams of a mixture containing about 856 grams of actual methamphetamine.  An unloaded shotgun and about $82,000 in cash were found in a closet in the bedroom.  The cash was apparently located in a safe that was located in the closet.

Petitioner entered a plea of guilty on September 4, 2007, pursuant to a negotiated plea agreement.  In the plea agreement and in the plea colloquy, Petitioner admitted his participation in the conspiracy and admitted his offensive conduct involved a total of 1749.8 grams of a substance containing approximately 1538.2 grams of methamphetamine.  The plea agreement also contained a comprehensive waiver of rights to appeal or to collaterally attack the sentence. In the plea agreement, the government agreed to recommend a three-level reduction in the offense and to recommend sentencing at the bottom of the guideline range.  Pertinent to this motion, neither the plea agreement or the plea colloquy contained any reference to a dangerous weapon or to the possibility of any enhancement of the sentence based on the discovery of the shotgun that was found in Petitioner's bedroom closet.

Petitioner was sentenced on December 10, 2007.  At the sentencing hearing the following discussion was had:

THE COURT:   All right, on behalf of [Petitioner,] are there any additions or corrections or comments regarding sentencing?

MR. LoSTRACCO:   Your Honor, I do have some comments.

THE COURT:   Yes.

MR. LoSTRACCO:   Pursuant to the plea agreement and the factual basis set forth in the plea agreement, we would ask the court not to impose the two-level addition as specified on pages 6 and 7 [of the Presentence Investigation Report ("PIR")], item number 18.  The - - with the shotgun found the defendant's closet.  This was not - - I did not participate in the preplea negotiations.  I wasn't attorney of record at the time of the plea.  But in speaking with Mr. Garland, it's my understanding the shotgun was never anticipated as being part of this plea and the factual basis.  So I'd ask the Court not to impose that two-level increase.
As to the rest, we would submit it on the pleadings.

2

[¶ . . . ¶]

THE COURT:    On behalf if the Government?

MS. SERVATIUS:    Your Honor, the gun was not  - - the Government did not agree that it would not recommend the gun, and it did not agree that the gun was not part of the plea agreement.  It just didn't discuss the gun in the plea agreement.  So it would appear that given the presence of the shotgun in the same master bedroom closet as where the safe was located, that had approximately $82,000 in cash, it is not clearly probable that the gun was related to the offense [sic].  The drugs in that residence were also stored in the bedroom.  ¶ So based on that, the Government would ask that the [court] follow the recommendation of the probation office.

THE COURT:    Let me turn back to the defense then.  All I can say is the if there was no specific agreement, I do note that as defense counsel pointed out, that at page 6 [of the PIR] and [page] 7, paragraph 18, the factual basis for the enhancement has been set forth.  I don't know if there is any dispute on that or any other issues that relate to that, but otherwise, it would appear that the Court would have to take that into consideration.

MR. LoSTRACCO:    Yes your Honor.  I was just pointing out that in the plea that defendant entered, there was never any mention of the gun in the factual scenario in the plea agreement.  The defendant never admitted to possessing that gun.  And he was not home of the time of that - - if that makes any difference, but he was elsewhere at the time of the search warrant [sic].

THE COURT:    Okay.  But, again, that's all I have in front of me.  So I'll leave it to counsel, but otherwise, if I applied it, then, the guideline range as indicated by the probation office would apply.  That the bottom of that would be the 210 months, and I would factor that in a far as imposing a reasonable sentence, and it would otherwise appear that 210 months would be a reasonable sentence.
          Anything further by the defense, then?

MR. LoSTRACCO:    No, Your Honor.  Submit it.

     The court imposed the sentence of 210 months imprisonment.  Judgment was entered on December 13, 2007.  No notice of appeal was filed.  On December 31, 2007, Petitioner, through his attorney, filed a motion to reduce the sentence.  That motion was voluntarily withdrawn on March 10, 2008, and the instant motion pursuant to 28 U.S.C. § 2255 (hereinafter the "2255 Motion") was timely filed on March 19, 2008.

## LEGAL STANDARD

     28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move

the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

### I. Waiver

The threshold issue raised by Petitioner's 2255 Motion is whether Petitioner's claims are barred by waiver. Waivers limiting the right of a defendant to challenge his sentence or conviction may arise either from the entry of an unconditional plea of guilty, see United States v. Floyd, 108 F.3d 202, 204 (9th Cir. 1977) (an unconditional plea of guilty constitutes a waiver of the right to challenge "all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects"), or as the result of an express waiver contained in the plea agreement. In the instant case, Petitioner expressly waived his rights to appeal or to collaterally attack his conviction or sentence as a part of his negotiated plea agreement.

"A prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). Subject to a few well established exceptions, courts in this circuit will enforce a defendant's waiver of his right to challenge his conviction or sentence if (1) the language of the waiver encompasses the grounds

4

1    upon which the challenge is asserted, and (2) "the waiver is knowingly and voluntarily made."

2    United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).  The court will address these issues in

3    order.

4        ***A.  Scope of Waiver***

5        A defendant is not barred from asserting a post-conviction challenge of his sentence or

6    conviction on grounds that lie outside the scope of the waiver.  See United States v. Cope, 527

7    F.3d 944, 949-950 (9 Cir. 2008) (court determines whether scope of waiver precludes challenge

8    based on language in the plea agreement).  Courts generally enforce the literal terms of a plea

9    agreement  according to contract law standards, construing any ambiguities against the

10   government.  United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002); Cope, 527 F.3d

11   at 944.  "In construing the agreement we must determine what [the defendant] reasonably

12   believed to be the terms of the plea agreement at the time of the plea.  Franco-Lopez, 312 F.3d at

13   989.

14       Petitioner's plea agreement contains two terms that are pertinent to the scope of the

15   waiver.  First, at section 2(c) of the Memorandum of Plea Agreement, Petitioner acknowledges:

16           that although the government has indicated a sentencing range which may result
             from the agreements contained herein, the government makes no representations
17           as to the [Petitioner's] criminal history category and that should other factors
             result in a recommended sentence which is higher than contemplated or forecasted
18           by the parties, such a sentence is not in violation of this agreement and the
             [Petitioner] has no entitlement to a lower sentence.
19
20   Doc. # 54 at 2.  Second, with regard to waiver of statutory rights of appeal and rights to

21   collaterally attack his sentence or conviction, Petitioner agrees at paragraph 2(f) that he is:

22           aware that Title 18 of the United States Code, Section 3742 affords a defendant
             the right to appeal the sentence imposed.  Acknowledging this, the defendant
23           knowingly waives the right to appeal his conviction or any sentence (or the
             manner in which that sentence was determined) which is within the statutory
24           maximum for the crime set forth in Title 18, United States Code, Section 3742 or
             on any ground whatever, in exchange for the concessions made by the United
25           States in this plea agreement.  The [Petitioner] also waives his right to challenge
             his conviction, sentence or the manner in which it was determined in any post-
26           conviction attack, including but not limited to a motion brought under Title 28
             United States Code, Sections 2241 or 2255.
27

28                                                    5

Doc.# 54 at 3-4.

Direct appeal and collateral attack are post-conviction procedures that must be separately and specifically waived.  See United States v. Nunez, 223 F.3d 956, 959 (9 Cir. 2000) (waiver of right to appeal "'does not waive right to bring a 2255 motion'" unless such waiver is express). Here, Petitioner waived the right to challenge his "conviction, sentence or the manner in which it was determined" in any motion brought under 28 U.S.C. § 2255.  Thus the agreement to waive any challenge to the "conviction, sentence or the manner in which it was determined" informs the boundaries of the scope of Petitioner's waiver of the right to bring a collateral attack.

Petitioner's 2255 Motion includes claims of ineffective assistance of counsel based on conduct by his attorney that occurred both before and after the plea agreement.  The distinction between conduct occurring before or after the plea has some significance here in that Ninth Circuit authority supports the proposition that an unconditional plea of guilty constitutes a waiver of the right to challenge  "all non-jurisdictional antecedent rulings and cures all *antecedent* constitutional defects."  United States v. Floyd, 108 F.3d 202, 204 (9th Cir. 1977).  While Petitioner's plea of guilty is not unconditional, Petitioner's plea agreement does not reserve any rights to collaterally challenge his sentence or conviction.  Thus, at minimum, the same considerations that bar challenge to any antecedent constitutional or procedural defects where there is an unconditional plea of guilty apply here where the plea agreement was conditional.  See States v. Jacobo Castillo, 496, 960 F.3d 947 (9th Cir. 2007) (Callahan, J. dissenting) ("The removal of pre-plea constitutional issues from a criminal proceeding stems from a defendants's admission of past conduct.  It is the admission of guilt – not his waiver of trial rights – that moots any pre-plea challenges to his conviction because the validity of the conviction rests on the voluntary admission of guilt, not on any pre-plea governmental conduct").  Clearly, the scope of Petitioner's waiver includes any defect arising prior to the entry of Petitioner's plea of guilty.

What is more problematic is the scope of the waiver with regard to conduct occurring after Petitioner's change of plea.

6

With regard to the right to challenge the sentence or conviction based on alleged conduct or defects occurring after the plea, two competing interests are at play.  On one hand, if the court finds the scope of a generalized express waiver – such as the one in this case – extends to alleged defects occurring after the plea agreement, the possibility is increased that the defendant may be surprised or "blind-sided" by the consideration of factors or conduct not contemplated in the plea agreement.  As a consequence, the defendant may be subjected to a harsher sentence than anticipated without any recourse because his attorney fails to timely object to sentencing errors or to timely move for the application of beneficial sentencing considerations.

On the other hand, finality of the judgment is one of the main benefits the government receives through the plea bargaining process.  United States v. Littlefield, 105 F.3d 527, 530 (9th Cir. 1997).  If a generalized express waiver of rights to collaterally attack a sentence or conviction is confined to defects arising before the plea unless otherwise specifically waived, the contractually bargained-for benefit of finality of the judgment is jeopardized.  It bears noting that what is actually at stake in the tension between the interests of the accused to not be surprised by a harsher-than-anticipated sentence and the interests of the government in the finality of judgments is the determination of which party should bear the burden of anticipating issues that may arise in the future but have not transpired at the time of the plea agreement.

As of this writing, the court is unable to find a case from this circuit that directly confronts the question of how broadly an express term in a plea agreement that generally waives rights to bring a collateral attack without reference to whether the alleged defect is pre-plea or post-plea precludes a habeas challenge based on either government conduct or ineffective assistance of counsel that occurs post-plea.  Three factors lead this court to the conclusion that the risk of surprise resulting from a harsher-than-expected sentence should rest primarily with the defendant.  First, as discussed below, a defendant's exposure to a harsher-than-expected sentence is tempered by the fact that a waiver of rights to challenge a sentence will not be enforced where the sentence is illegal.  Id. at 528, or where the sentence is not in accordance with the negotiated

1  plea agreement.  United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991).  This means that

2  the defendant will be entitled to challenge any sentence that is in excess of any negotiated

3  maximum and that the statutory maximum sentence forms a solid backstop to the degree to

4  which the defendant's sentence may be enhanced without prior notice.  With those safeguards in

5  place, the risk that a generalized waiver of right to collaterally attack a conviction or sentence

6  will unduly prejudice a defendant who finds himself surprised by the harshness of his sentence is

7  minimized.

8         Second, the contractually bargained-for benefit of finality of judgment is a primary

9  motivational force behind the government's willingness to engage in plea negotiations.  To leave

10 the sentence or conviction open to challenge on the basis of any allegation of procedural defect or

11 ineffective assistance of counsel that occurs post-plea and was not specifically waived would risk

12 making the finality of judgment – something that benefits both the government and the courts –

13 an illusory benefit.  It benefits all parties, including defendants, if the government's motivation in

14 participating in plea bargaining is supported by the government's reasonable expectation that the

15 court will give full effect to generalized express waivers of rights to mount post-conviction

16 challenges based on both pre-plea and post-plea claims.

17        Third, such case authority as the court can find that bears upon the question of the scope

18 of an express waiver indicates that a general express waiver will bar post-conviction challenge of

19 a sentence even where the grounds for the challenge were not foreseen at the time of the plea.

20 For example, in United States v. Cortez-Arias, 425 F.3d 547, 548 (9th Cir. 2005) (amending 403

21 F.3d 1111, 1114 n.8 (9th Cir. 2005)), the Ninth Circuit held that where the defendant "knowingly

22 and voluntarily waived the right to appeal *every* aspect of his sentence, except whether his earlier

23 crimes were 'crimes of violence,'" the right to appeal the application of a sentencing

24 enhancement in violation of United States v. Ameline, 409 F.3d 1073 (9 Cir. 2005) was waived.

25 The court held the government was entitled to the benefit of its bargain notwithstanding that the

26 defendant failed to foresee the specific issue at the time he entered into the plea agreement.

27

28                                              8

Cortez-Arias, 425 F.3d at 548.   In this case, as in Cortez-Arias, the alleged underlying defect is that the Petitioner's sentenced was enhanced based on facts not proven or admitted to in violation of Ameline and Booker.   It appears to this court that Cortez-Arias, if not controlling, is certainly highly persuasive of the outcome in this case.

Based on the foregoing, the court concludes that the scope of Petitioner's waiver includes the right to challenge by way of habeas petition any aspect of his sentence including claims of sentencing error that occurred after the plea agreement was signed.

### B.  Knowing and Voluntary

As previously noted, a waiver contained in a plea agreement is enforceable if the plea agreement was knowingly and voluntarily made.   It follows that a collateral attack that challenges the voluntariness of the appeal cannot be waived.   Courts in this circuit have so held.   See, e.g., United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).   Pertinent to the issues raised here, the Ninth Circuit has observed that claims of ineffective assistance of counsel often implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, and has in the past expressed some doubt that habeas claims of ineffective assistance can ever be considered waived.   Washington v. Lampert, 422 F.3d 864, 870 (9 Cir. 2005) (citing United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994)).   Thus, where the right to challenge a sentence or conviction has been waived pursuant to a plea agreement, the waiver will not be enforced where the challenge alleges ineffective assistance of counsel that implicates the voluntariness of the plea agreement.   On the other hand, the Ninth Circuit has indicated that, where there is a waiver of rights to challenge a conviction or sentence by way of direct appeal or collateral attack, the waiver will be enforced where the challenge alleges ineffective assistance of counsel that does not implicate the voluntariness of the waiver.   See United States v. Magueflor, 220 Fed.Appx. 603, 604-605, 2007 WL 491153 (9 Cir. 2007) (claim of ineffective assistance of counsel does not implicate the voluntariness of the plea agreement containing a waiver of right to collaterally attack where the ineffective assistance is alleged *after* the plea agreement was

signed).

Petitioner's first claim for relief alleges ineffective assistance of counsel based on his attorney's failure to accurately inform petitioner of the probable sentence based on the amount of methamphetamine attributed to Petitioner and based on the failure to warn Petitioner that his sentence could be enhanced based on the finding of the shotgun in bedroom closet.  Petitioner alleges that had he been adequately and accurately informed, he would not have entered a guilty plea.  Since Petitioner's first claim for relief alleges that his plea was not voluntary or knowing based on his attorney's failure to accurately represent the consequences of the plea, the court will not enforce the waiver to the extent that it is necessary to resolve whether Petitioner has alleged facts adequate to show the plea was not knowing or voluntary.

Petitioner's second, third and fourth claims for relief also allege ineffective assistance of counsel, but the ineffective assistance is alleged to have occurred at sentencing; that is, after the plea agreement was executed.  Petitioner's second claim for relief alleges ineffective assistance based on his attorney's failure to raise a formal objection to the government's assertion that a two-level enhancement for possession of a dangerous weapon in connection with the crime should be applied.  Petitioner's third claim for relief alleges ineffective assistance of counsel for failure to arrange a "safety valve" interview, and the fourth claim for relief alleges ineffective assistance of counsel for failure to inform of the right to appeal.  Because each of these claims alleges ineffective assistance of counsel based on defects in representation that occurred after Petitioner signed the plea agreement, the court follows Magueflor in concluding that the alleged ineffective assistance of counsel cannot render the plea agreement involuntary or unknowing.

### C. Other Exceptions to Enforcement of the Waiver

Where an express waiver of right to collaterally attack a sentence or conviction incorporates the grounds the defendant asserts and where the waiver is knowing and voluntarily made, courts will nonetheless not enforce the waiver where (1) the challenge alleges the plea was not taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure, (2) the court

advises a defendant during the plea proceedings, without qualification, that he or she has the right

to assert an appeal or other post-conviction challenge, (3) "the sentence imposed violates the

law," or (4) "the sentence is not in accordance with the negotiated plea agreement."  United

States v. Jeronimo, 398 F.3d 1149, 1153 n.2 (9th Cir. 2005).   In the instant case, there is no

allegation that the plea was not taken in compliance with Rule 11 and there is no allegation that

Petitioner was advised during the plea that he had a right to bring an appeal or other post-

conviction challenge.  The court will therefore briefly evaluate the last two exceptions.

Pursuant to 18 U.S.C. § 3742(a) a defendant may challenge his sentence notwithstanding

any waiver of that right where the sentence "was imposed in violation of law" or "was imposed

as a result of an incorrect application of the sentencing guidelines."  For purposes of section

3742(a), a sentence is not in violation of the law where the sentence is less than the statutory

maximum and was otherwise legally imposed.  Littlefield, 105 F.3d at 528.  Petitioner was

sentenced to a total term of 210 months counting a two-level enhancement for possession of the

shotgun and a three-level downward departure for acceptance of responsibility.  The sentence of

210 months represents the bottom of the guideline range for an offense level of 32.  The statutory

maximum for violation of 21 U.S.C. §§ 841(a)(1) and 846 is a term of life imprisonment.  Since

Petitioner's sentence was less than the statutory maximum and there is no allegation that it was

otherwise illegally imposed, the sentence was not imposed in violation of the law.

The sentence also did not violate the terms of the plea agreement.  The agreement

cautions Petitioner that "although the government has indicated a sentencing range which may

result from the agreements contained herein, the government makes no representations as to the

defendant's criminal history category and that should other factors result in a recommended

sentence which is higher than contemplated or forecasted by the parties, such a sentence is not in

violation of this agreement and the defendant has no entitlement to a lower sentence."  Doc,# 54

at ¶ 2(c).  In exchange for accepting the risk of a higher sentence, Petitioner received a three-level

downward departure for acceptance of responsibility, the dismissal of remaining charges and the

government's recommendation to sentence at the bottom of the guideline range.  Although Petitioner may have been sentenced in consideration of a factor that was not contemplated at the time of the plea agreement, Petitioner knowingly accepted that risk and received the bargained-for benefit of the agreement.

The court concludes that the waiver contained in Petitioner's plea agreement is not rendered unenforceable by reason of illegality or failure to conform to the plea agreement.

In sum, the court concludes that the waiver of right to collaterally attack Petitioner's sentence is not enforceable with respect to Petitioner's first claim for relief because the claim alleges conduct that implicates the voluntariness of the plea agreement.  The court will therefore consider the merits of Petitioner's first claim for relief to the extent necessary to determine if Petitioner's states a sufficient claim to warrant a hearing.  The court further concludes that the waiver is enforceable with respect to Petitioner's second, third and fourth claims for relief.  Those claims will be dismissed as barred by waiver.  In so ruling, the court also recognizes that Petitioner has shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its ruling.  Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000).  The court therefore concludes that Petitioner is entitled to appeal the court's denial of his 2255 Motion with respect to the second, third and fourth claims for relief.  The court will certify the relevant issues for appeal.

## II. Ineffective Assistance of Counsel for Failure to Inform as to Possible Sentence

Petitioner's first claim for relief alleges he suffered ineffective assistance of counsel when his attorney misinformed Petitioner that his likely exposure to prison would be ten to eleven years and failed to inform Petitioner that he would be subject to an enhancement for possession of a dangerous weapon or because of the purity of the methamphetamine involved.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.

12

United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient

performance of counsel, Petitioner must demonstrate that his attorney "made errors that a

reasonably competent attorney acting as a diligent and conscientious advocate would not have

made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner

must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  Strickland v. Washington, 466

U.S. 668, 694 (1984).  In contemplating a plea agreement, the defendant's attorney "has the duty

to advise the defendant of the available options and possible consequences' and failure to do so

constitutes ineffective assistance of counsel."  Beckham v. Wainwright, 639 F.2d 262, 267 (5th

Cir.1981)).  To demonstrate ineffective assistance of counsel in the context of representation

during consideration of a plea offer, a defendant "must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    With respect to Petitioner's first claim for relief, Petitioner's claim of ineffective

assistance of counsel has two component parts.  First, Petitioner alleges ineffective assistance

based on his attorney's alleged representation that the term of imprisonment recommended by the

sentencing guidelines for the amount of methamphetamine charged to Petitioner is in the range of

121 months.  Second, Petitioner alleges he received ineffective assistance of counsel because he

was not informed by his attorney that the finding of the unloaded shotgun in the bedroom closet

would result in a 2-level increase in the base offense level which would result in a sentence

approximately 30 months longer that it would otherwise be.

    With regard to Petitioner's claim of ineffective assistance based on his attorney's failure

to accurately predict the extent to which his sentence would be enhanced based on drug amount,

Petitioner contends he admitted "trafficking in 1.5 kilograms of methamphetamine mixture

relying on [his] lawyer's advice that [his] sentence would be 10-11 years."  Doc. # 94 at ¶ 12.  An

examination of the plea agreement reveals that Petitioner admitted to criminal conduct involving

13

"a total of 1972.3 grams of a substance (1.97 kilograms) containing 1663.8 grams of methamphetamine (1.66 kilograms)."  Even if the court presumes Petitioner formed the subjective expectation of a ten-to-eleven year sentence because his attorney misread or misunderstood the application of the sentencing guidelines to the amount of methamphetamine admitted, such a subjective expectation is not sufficient to constitute a claim of ineffective assistance of counsel because Petitioner cannot demonstrate prejudice arising from the misunderstanding.  While Petitioner now maintains he would not have entered a guilty plea had he been informed he was admitting an amount of methamphetamine that exposed him to a potential sentence in excess of 200 months, Petitioner fails to allege any facts that would lead the court to find that he would have declined the benefit of the plea agreement in exchange for the opportunity to challenge the amount of drug involved.  The amount of drug involved is objectively ascertainable to a high degree of accuracy and in going to trial Petitioner would have lost the opportunity for a three level downward departure for acceptance of responsibility.

Case authority from the Ninth Circuit indicates that where a defendant is informed by the court as to applicable mandatory minimum and maximum sentences, the advisory nature of the sentencing guidelines and the possibility that the sentence imposed could be more severe than anticipated, the defendant is adequately informed and the failure of the defendant's counsel to warn of the possibility of a more severe sentence is not ineffective assistance. See, e.g., U.S. v. Chavez, 40 Fed.Appx. 482, 484 (9th Cir. 2002); Sigouin v. United States, 2008 WL 4862515 (D. Hawai'i 2008) at * 5; United States v. Coons, 165 F.3d 918, 1998 WL 895357 (9th Cir, 1998) ("in practical sense it is impossible for a court to inform a defendant of the minimum sentence available under the Guidelines")  The court finds that Petitioner was adequately informed of his potential sentence and that there are no facts to indicate that he was in any way prejudiced by the any misinformation he may have received from his attorney warning him of the possibility of a sentence substantially longer than eleven years.

Petitioner's claim that he suffered ineffective assistance of counsel because his attorney

did not warn Petitioner that his sentence could be enhanced because of the unloaded shotgun that was found the bedroom closet fails simply because Petitioner cannot show that the failure to warn that the sentence could be enhance for based on that specific factor constitutes constitutionally deficient performance.  Petitioner did not and cannot claim that he was not cautioned that the sentence could be more severe than anticipated based on the consideration of other relevant conduct.  Doc. # 54 at ¶ 2 (c).  Petitioner's attorney had no reason to anticipate that the government would recommend a two-level enhancement based on the finding of the shotgun in the closet where there had been no admission of the fact in the plea or during the plea colloquy.  It is elementary that the adequacy of an attorney's advice to a defendant regarding a plea agreement is based on what is known or should reasonably have been known to the attorney at the time the agreement is signed.  Since Petitioner's attorney had no reason to anticipate that there would be a recommendation for a two-level enhancement, his failure to so warn Petitioner cannot constitute ineffective assistance of counsel.

The court finds Petitioner's first claim for relief is without merit and will accordingly dismiss that claim.  As previously discussed, the court finds Petitioner's second, third, and fourth claims for relief are barred by waiver.  In so finding, the court makes no representations as to the merits of Petitioner's underlying claims of ineffective assistance of counsel.  If this court is to address the merits of Petitioner's underlying claims of ineffective assistance of counsel, Petitioner will need to secure a reversal of this court's ruling on the issue of waiver by the Ninth Circuit Court of Appeals.

### CONCLUSION AND ORDER

Based on the foregoing discussion, the four claims for relief set forth in Petitioner's 2255 Motion are each found to be without merit.  Petitioner's 2255 Motion is therefore DISMISSED in its entirety.  The Clerk of the Court shall CLOSE the CASE.  Also pursuant to the foregoing discussion, the court hereby CERTIFIES the following issues for appeal:

1.      Does a defendant who executes a plea agreement containing a generalized waiver of

rights to appeal or collaterally attack his sentence or conviction thereby waive his right to claim ineffective assistance of counsel where the allegedly ineffective assistance occurred after the plea agreement was executed?

2.      Does a defendant who executes a plea agreement containing a generalized waiver of rights to appeal or collaterally attack his sentence or conviction thereby waive the right to claim, either by way of direct appeal or collateral attack, sentencing error under <u>Apprendi</u>, <u>Ameline</u>, or <u>Booker</u>?

IT IS SO ORDERED.

**Dated:    June 26, 2009**                          **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE

16